**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 21 2017

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**LATOYA PARKER**, Individually,
and on behalf of herself and others
similarly situated,

        Plaintiff,

v.

**BASF CORPORATION**, a Delaware
Corporation

        Defendant.

No. 3:17-cv- _00250 Jm_

FLSA Opt-In  Collective Action

**JURY TRIAL DEMANDED**

This case assigned to District Judge ___MOODY___
and to Magistrate Judge ___KEARNEY___

## COLLECTIVE ACTION COMPLAINT

Plaintiff Latoya Parker ("Plaintiff"), individually, and on behalf of herself and all other similarly situated hourly-paid Personal Protective Equipment ("PPE") equipped production and manufacturing employees of BASF Corporation ("Defendant"), by and through her counsel of record, brings their claims for "off-the-clock" and overtime violations as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") against Defendant, and alleges, upon personal belief as to herself and her own acts, and as for all other matters upon information and belief, and based upon the investigation made by her counsel, as follows:

### JURISDICTION AND VENUE

1.    This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer ... in

any Federal or State court of competent jurisdiction." Representative Plaintiff has signed an opt-in consent to join this lawsuit. (Attached hereto as Exhibit A).

2.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Plaintiff was employed by and performed work for Defendant in this District and, Defendant has conducted business within this District during all material times. In addition, the events, commissions, inactions and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4.    Plaintiff Latoya Parker, at all times material, worked as an hourly-paid PPE equipped production and manufacturing employee at one or more of Defendant's production/manufacturing facilities located in West Memphis, Arkansas during the three-year period immediately preceding the filing of this Complaint (hereinafter "Violation Period").

5.    Plaintiff and those similarly situated are covered employees, as defined by the FLSA, because they were employed as hourly-paid PPE equipped production and/or manufacturing employees of Defendant, during the Violation Period.

6.    Defendant, BASF Corporation, is a Delaware Corporation with its corporate headquarters located at 1209 Orange Street, Wilmington, Delaware, 19801. BASF is a covered employer under the FLSA. According to the Arkansas Secretary of State, Defendant may be served through its registered agent for service of process: The Corporation Company, 124 West Capitol Avenue (Suite 1900), Little Rock, Arkansas, 72201.

## FACTUAL BACKGROUND

7.     Plaintiff is a former hourly-paid PPE equipped production and manufacturing employee or, similarly-titled employee (hereinafter "Covered Employees") of Defendant who performed job duties at one or more of Defendant's production/manufacturing facilities in West Memphis, Arkansas, during the Violation Period.

8.     Defendant classified all its Covered Employees as non-exempt under the FLSA and paid them an hourly rate of pay. Plaintiff was subjected to the same FLSA violations, as described hereinafter, as other hourly-paid PPE equipped production and manufacturing employees of Defendant.

9.     Plaintiff and others similarly situated routinely were scheduled by Defendant to work at least forty (40) hours per week, but at times worked additional hours, including overtime hours in excess of forty (40) hours per week.

### Covered Employees Worked "Off-The-Clock"

10.     Plaintiff and similarly situated employees worked "off-the-clock" outside their regularly scheduled hours during the Violation Period without receiving compensation for such "off-the-clock" work, as required by the FLSA.

11.     Some of the uncompensated "off-the-clock" work performed by Plaintiff and similarly situated employees consisted of:

    (a)     being required, induced, forced, encouraged, expected and/or, suffered or permitted, to perform work duties at their workplace after being clocked out of their regularly scheduled shifts;

(b)     being required, induced, forced, encouraged, expected and/or, suffered or permitted, to "don" personal protective equipment (PPE) before clocking in to their regularly scheduled shifts, without being compensated for such "donning" time;

(c)     being required, induced, forced, encouraged, expected and/or, suffered or permitted, to "doff" personal protective equipment (PPE) after clocking-out of their regularly scheduled shifts, without being compensated for such "doffing" time;

(d)     being required, induced, forced, encouraged, expected and/or, suffered or permitted, to shower in order to remove job-related toxic and potentially carcinogenic substances from their bodies after clocking-out of their regularly scheduled shifts, without being compensated for such "showering" time;

(e)     being subjected to Defendant's unequal "rounding off" of Plaintiff's and similar situated employees' "punch-in" time at the start of scheduled shifts (to Defendant's advantage), without being paid for such unequal "rounding off" punch-in time.

(e)     being subjected to Defendant's unequal "rounding off" of Plaintiff's and similar situated employees' "punch-out" time at the end of scheduled shifts (to Defendant's advantage), without being paid for such unequal "rounding off" punch-out time.

12.   Defendant has had actual as well as constructive knowledge of the above enumerated "off-the-clock" claims, but has not adequately addressed such FLSA violations during the Violations Period.

13.  The net effect of Defendant's plan, policy and practice of not paying Plaintiff and class members for such "off-the-clock" work, including not compensating Plaintiff and class members for all such related overtime work, was a scheme to save payroll costs and payroll taxes for which it has enjoyed ill gained profits at the expense of Plaintiff and other members of the class.

14.  Considering Plaintiff and class members worked forty or more hours during weekly pay periods of the Violation Period for Defendant, had Plaintiff and class members properly been compensated for all "off-the-clock" work, such work time would have been added to their pay and treated as overtime compensation under the FLSA.

### Defendant Failed to Keep Accurate Time Records

15.  Defendant failed to accurately record actual hours worked by its Covered Employees as required by the FLSA, 29 C.F.R. §516.2(a)(7).

16.  Instead of accurately recording all time worked by Plaintiff and those similarly situated, Defendant willfully required, induced, forced, encouraged, expected and/or, suffered or permitted, its Covered Employees to perform tasks and work additional time in excess of forty (40) hours per week during weekly pay periods of the Violation Period, for which all such hours were not recorded.

17.  Defendant knew, and was aware at all times, that it was not recording all of its Covered Employees' work hours.

18.  Defendant required, induced, forced, encouraged, expected and/or, suffered or permitted, its Covered Employees to perform uncompensated work and was aware at all times that Covered Employees performed such work.

## Defendant's Common Plan, Policy and
## Practice of "Off-the-Clock" FLSA Violations

19.   During all times material, Defendant had a common plan, policy and practice of not compensating Plaintiff and class members for all hour worked, including overtime hours at the required FLSA overtime rate, all in violation of the provisions of the FLSA, 29 U.S.C. § 207(a)(1). As a result of Defendant's unlawful practices, it benefited from reduced labor and payroll costs.

20.   Specifically, Defendant had a common plan, policy and practice of failing and refusing to compensate Plaintiff and class members for all hours spent in "donning and doffing" personal protective equipment and, "showering" (including overtime compensation for all such hours over 40 within weekly pay periods at the required overtime rate at all times material), all in violation of the FLSA, 29 U.S.C. § 207(a)(1). As a result of Defendant's unlawful practices, it benefited from reduced labor and payroll costs.

21.   During all times material, Defendant also had a common plan, policy and practice of failing to compensate Plaintiff and members of the class for its unequal "rounding off" of their punch-in and punch-out times (to its advantage), including overtime compensation for all such time over 40 hours within weekly pay periods at the required overtime rate, all in violation of the FLSA, 29 U.S.C. § 207(a)(1). As a result of Defendant's unlawful practices, it benefited from reduced labor and payroll costs.

22.   During all times material, Defendant had a common plan, policy and practice of strictly enforcing restricted hours of compensable work "budgeted labor," which in turn forced and  induced its management and supervisory personnel to work Plaintiff and the collective class "off the clock" and  "round off" their time at the beginning and ending of

their shifts, resulting in the failure of Defendant to compensate Plaintiff and class members compensation for such "off-the-clock' work and "rounding off" time (including overtime compensation for all such hours over 40 within weekly pay periods during at the required overtime rate), all in violation of the provisions of the FLSA, 29 U.S.C. § 207(a)(1). As a result of Defendant's unlawful practices, it benefited from reduced labor and payroll costs.

23.     Plaintiff's and class members' "off-the-clock" claims (including "donning and doffing", "showering" and "rounding off'" claims) are unified by a common theory of Defendant's FLSA violations.

24.     As a result of Defendant's improper and willful failure to pay Plaintiff and those similarly situated in accordance with the requirements of the FLSA, they have suffered lost wages, overtime compensation and other damages, for which they are entitled to recover from Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff brings this case as a collective action on behalf of herself, individually, and on behalf of herself and others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

26.     The proposed collective class of similarly situated persons is defined as:

> "All current and/or former hourly-paid personal protective equipment (PPE) equipped production and manufacturing employees of BASF Corporation who "donned" and "doffed" safety gear and items at any of its production or manufacturing

facilities and, who were employed by BASF Corporation within the United States at any time during the applicable limitation's period  covered by this Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who  are the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the Class").

27.     This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's aforementioned compensation and work-related plans, policies and practices.

28.      Plaintiff and the collective class have been subjected to Defendant's aforementioned common plans, policies and practices of requiring, inducing, forcing, encouraging, expecting and/or, suffering or permitting, its management and supervisory personnel to work Plaintiff and class members "off the clock" (including "donning and doffing", "showering" and "rounding off" time) in order to stay within or below its budgeted labor hours, all in violation of the FLSA.

29.     Defendant required, induced, forced, encouraged, expected and/or, suffered and permitted, Plaintiff and the collective class to work hours during weekly pay periods of the Violation Period without full compensation and, to work more than forty (40) hours per week during weekly pay periods of the Violation Period, without being paid overtime compensation, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.315.

30.     Defendant knew Plaintiff and the class members performed work that required additional wages to be paid and overtime compensation. Nonetheless, Defendant operated under the

aforementioned common plans, policies and practices (schemes) to deprive Plaintiff and the collective class of such wages and overtime compensation.

31.     Defendant's conduct, as alleged herein, was willful, without good faith, and has caused significant damage to Plaintiff and the collective class.

32.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the collective class for all previously described "off-the-clock" hours

33.     Plaintiff therefore requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

34.     Plaintiff estimates there are several thousand members of the collective class. The precise number of collective class members can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendant's production and manufacturing plants nationwide.

## CAUSE OF ACTION

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

35.     Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

36.     Plaintiff and other class members are similarly situated individuals within the meaning of

        the FLSA, 29 U.S.C. § 216(b).

37.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at

        least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty

        (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in

        excess of forty (40) hours per week may not be considered paid to an employee unless

        that employee is compensated for all such overtime hours worked.

38.     Plaintiff and other Covered Employees regularly performed work duties during weekly

        pay periods of the Violation Period but were not paid for all hours worked and were not

        paid overtime wages for all overtime work -- all in violation of the FLSA.

39.     Through its actions and common plans, policies and practices, as aforementioned,

        Defendant has violated the FLSA by regularly and repeatedly failing to compensate

        Plaintiff and similarly situated individuals for all actual hours worked, including for

        overtime hours worked.

40.     Defendant's actions were willful and not in good faith.

41.     Defendant has had actual as well as constructive knowledge of its aforementioned "off-

        the-clock" FLSA violations.

42.     Plaintiff and class members' "off-the-clock" claims are unified by a common theory of

        FLSA statutory violations.

43.   As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

44.   Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the class demand the Court to enter judgment in their favor on this Complaint and:

a.   Award judgment in favor of Plaintiff and similarly situated employees against Defendant for unpaid back wages pursuant to the applicable FLSA overtime rates.

b.   Award judgment in favor of Plaintiff and similarly situated employees against Defendant for an amount equal to Plaintiff's and collective class action members' unpaid back wages pursuant to the applicable FLSA overtime rates;

c.   Find and declare that Defendant's violations of the FLSA were willful and, accordingly, the three-year statute of limitations under the FLSA applies to this action;

d.   Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

e.  Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this

    action, to be paid by Defendant, in accordance with the FLSA;

f.  Award pre and post-judgment interest and court costs as further allowed by law;

g.  Provide additional general and equitable relief to which Plaintiff and the class may be

    entitled; and,

h.  Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

Dated: September 20, 2017

Respectfully submitted,

J. Russ Bryant (TN BPR #33830)
Gordon E. Jackson* (TN BPR #8323)
Paula R. Jackson* (TN BPR #20149)
JACKSON, SHIELDS, YEISER & HOLT
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
gjackson@jsyc.com
jholt@jsyc.com
rbryant@jsyc.com
pjackson@jsyc.com

*Full admission into the USDC Eastern District of Arkansas Anticipated

**ATTORNEYS FOR PLAINTIFFS**