# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | |
|---|---|
| **LATOYA PARKER**, Individually, and on behalf of herself and others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 3:17-cv-00250 |
| **BASF CORPORATION**, a Delaware Corporation | Complaint – Class Action<br>FLSA Opt-In Collective Action |
| Defendant. | **JURY TRIAL DEMANDED** |

## AGREED JOINT PROTECTIVE ORDER

WHEREAS, parties and non-parties to this action ("Litigation"), have been or may be requested in the course of discovery or other proceedings to produce or disclose testimony, documents, or other information ("Discovery Material") that one or more of the parties consider to be private, confidential, or proprietary); and

WHEREAS, Plaintiff Latoya Parker, on behalf of herself and others similarly situated (collectively "Plaintiffs"), and Defendant BASF Corporation (collectively, the "Parties"), have agreed, by their undersigned attorneys, to set forth procedures for, and rules governing, the use of such Discovery Material in this Agreed Joint Protective Order (the "Order");

The parties hereby stipulate and agree as follows:

## NON-DISCLOSURE OF ALL DOCUMENTS STAMPED CONFIDENTIAL

1. The parties to this action agree to the following conditions regarding the treatment of Discovery Material that one or more parties consider to be private, confidential or proprietary with respect to the above-styled action and any resulting appeals or retrials (collectively, "the Litigation").

2. If, in the course of discovery or other proceedings in this action, Defendants, Plaintiffs, any other party to the Litigation, or any third party, produces or discloses Discovery Material they deem to be private, confidential, or proprietary, the producing party may designate such Discovery Material as "Confidential."  Discovery Material designated as Confidential, and all copies, summaries, or extracts thereof, shall be referred to herein as "Confidential Material" and shall be subject to all the terms of this Order.

3. All Confidential Material produced in discovery in the Litigation shall be used solely for purposes of the Litigation and for no other purpose.

4. To the extent the Parties have produced documents or information in the Litigation prior to entering into this Order, the Producing Party may retroactively designate any such documents or information as Confidential Material by notifying the Requesting Party of such designation.

5. For purposes of this Order, the term "document(s)" means all written, recorded, electronic, or graphic materials, whether produced or created by a party or another person, whether produced pursuant to the Federal Rules of Civil Procedure, subpoena, by agent, or otherwise. Any person in possession of Confidential Material shall maintain it in a reasonable and appropriate manner so as to avoid disclosure of its contents in any manner not permitted by this Order.

6. A hard copy document may be designated as Confidential by stamping or marking or otherwise identifying on the face of the document that it is "Confidential." Electronically stored information and documents may be designated as Confidential through a marking of "Confidential" in the title of a .pdf version of the document, on the first page of the electronic .pdf document, and/or through a designation in writing from the producing party that it deems the information and documents to be Confidential pursuant to this Order. If a document (other than a deposition or hearing transcript) is designated as Confidential on the initial page of the document, then the entire document will be presumed to be Confidential, unless otherwise indicated on the first page of the document. All or part of a deposition or hearing transcript may be designated Confidential by a statement on the record by counsel requesting the designation, or by a letter to all counsel of record prior to the filing of such deposition with the Court or its use at trial, in a hearing, in deposition or in any other manner in connection with this Litigation. Additionally, a party may, at its election, designate any deposition transcript Confidential in its entirety pending receipt and review of the final transcript. Such designation shall be stated on the record during the deposition and shall persist until thirty days after receipt of the final deposition transcript from the court reporter.
7. The designation of documents or other forms of information as Confidential under this Order does not create any presumption for or against the confidentiality of such information where the issue is presented to the Court for determination.
8. Confidential Material shall not be disclosed, except as provided in paragraph 9 below, except upon prior written consent of the designating party.

## PERMISSIBLE DISCLOSURE OF CONFIDENTIAL INFORMATION

9. Confidential Material may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

    (a) the Court (including any appellate court) and Court personnel;

    (b) court reporters in connection with the taking of a deposition or the transcription of court proceedings;

    (c) attorneys (including in-house and outside counsel, associated attorneys, and/or related legal services) of the parties to the Litigation (or the corporate parent of a party to the Litigation) who are directly involved in the Litigation and such attorneys' employees who are directly involved in the Litigation;

    (d) the creator of such Confidential Material;

    (e) parties to the Litigation and their officers, directors, trustees, supervisors, and/or managers;

    (f) anticipated and actual non-party fact witnesses other than the parties to the Litigation, provided that counsel has a good-faith basis to disclose such information to such witness; and

    (g) experts engaged to assist directly in the Litigation.

10. With respect to persons specified in paragraph 9(e)-(g) above, counsel shall obtain that person's written agreement to be bound by the terms of this Order prior to the release of any Confidential Material and notify all other parties of such designation for 9(f) only at least three (3) business days prior to disclosing Confidential Material. With respect to persons specified in paragraph 9(e)-(g) above, any testimony concerning Confidential Material shall itself be deemed Confidential Material. The requirement of obtaining written agreement may be satisfied by obtaining the signature of such person at the foot of a copy of this Order provided to such person. A person's written agreement to be bound by the terms of this Order is also an agreement to submit to the jurisdiction of the Court solely for purposes of enforcing this Order. Counsel of record for each of the parties to the Litigation shall

maintain a file of executed agreements/Orders, and such file shall be made available for inspection by counsel for any person claiming confidentiality upon order of the Court following a showing of good cause.

11. A party may challenge the classification of any person as qualifying for access under paragraph 9(f). The party challenging such classification has the burden of conferring with the other party making such classification, and if an agreement cannot be reached, then the parties will confer by telephone or in person with the assigned Magistrate Judge pursuant to the local rules, and if given leave, file the appropriate motion with the Court. At such time, the party seeking to make the disclosure to a person they assert qualifies for access under paragraph 9(f) shall have the burden of establishing such qualification. The Requesting Party shall withhold all Confidential Material from such person unless and until the Court confirms that the person(s) at issue qualify for access under paragraph 9(f).

12. A party may challenge a designation of material as Confidential. The party challenging such designation has the burden of conferring with the other party making such designation, and if an agreement cannot be reached, then the parties will confer by telephone or in person with the assigned Magistrate Judge pursuant to the local rules, and if given leave, file the appropriate motion with the Court. At such time, the party claiming Confidential status shall have the burden of establishing the need for such status. The Requesting Party shall hold the designated material as Confidential unless and until such time as the Court rules that the Confidential designation is inappropriate.

13. This Order neither expands nor contracts any party's rights or obligations to produce or respond to discovery requests or to object thereto, in accordance with the Federal Rules of Civil Procedure. No party waives the right to use and to offer into evidence, or the right to

object to the use or offering into evidence, at pretrial hearings and at trial, material that has been designated Confidential for purposes of allowing discovery.

14. The restrictions against disclosure set forth in this Order shall not apply to information received by one party bearing the "Confidential" legend of an opposing party, when such information: 1) is at any time independently developed by the receiving party without the use of or reliance upon any of the opposing party's discovery materials bearing the "Confidential" legend; 2) is rightfully acquired by the receiving party from an independent source; 3) was, prior to disclosure, rightfully in the possession or knowledge of the receiving party; 4) is publicly available in substantially the same form in which it was provided by the party claiming confidentiality; 5) is required by law to be made available to third parties (a party receiving a subpoena for a producing party's confidential documents has the duty to notify said producing party as soon as practicable); or 6) was, is or becomes public knowledge, not in violation of this Order.

## USE

This Order shall have no effect upon a designating party's use of its own Confidential Material.

## NON-TERMINATION

15. The provisions of this Order shall not terminate at the conclusion of this Litigation.

16. Within 60 days after final conclusion of all aspects of this Litigation the parties and all of the persons to whom Confidential Material has been disclosed shall (a) return or destroy all documents or copies containing any of the Confidential Material to the Producing Party's attorneys, and if destroyed, provide a declaration to the Producing Party's attorneys advising of the date, place and method of destruction upon request; (b) secure the return or destruction

of all copies, notes, abstracts, summaries or other materials reflecting such Confidential Material; and (c) make certification of compliance with "(a)" and "(b)" above and deliver said certification to counsel for the Producing Party upon request. Counsel for the parties are permitted to keep one archival copy (including one hard copy paper version and one electronic version) in a Confidential manner. (Counsel may release one copy of such materials designated as Confidential to their client(s) with a records request as permitted by the Tennessee Rules of Professional Responsibility (or other applicable governing Rules) if the requirements specified in Paragraph 9 and 10 have been met.)

17. The provisions of this Order shall continue until released and shall survive the entry of a final judgment herein.

## MODIFICATION PERMITTED

The foregoing Order may be amended by written agreement of the parties and/or by order of the Court.

## NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINE BY INADVERTENT DISCLOSURE

18. The inadvertent disclosure of any electronically stored information ("ESI") or paper record which is subject to a legitimate claim that the ESI or paper record should have been withheld from disclosure as work product material or privileged material ("Protected Material") shall NOT waive any privilege or other applicable protective doctrine for that ESI or paper record or for the subject matter of the inadvertently disclosed information, if the Producing Party, upon becoming aware of the disclosure, promptly requests its return. The inadvertent disclosure shall also not estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine or any level of confidentiality at a later date. In order to be entitled to this protection, there

shall be no requirement for the producing party to prove that it took reasonable steps to prevent disclosure, including, without limitation, proof that its efforts to review for privileged or confidential information or documents were reasonable.

19. Except in the event that the Requesting Party disputes the claim, any ESI or paper record that the Producing Party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the Producing Party or destroyed at the Producing Party's option. This includes all copies, electronic or otherwise, of any such information. In the event that the Producing Party requests destruction, the Requesting Party shall provide written certification of compliance within thirty (30) days of such written request.

20. In the event that the Requesting Party disputes the Producing Party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of the Requesting Party for the sole purpose of seeking a determination by the Court of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) which, regardless of whether it governs this Litigation, the Parties agree to follow for purposes of this agreement as closely as possible. The Requesting Party may promptly present the information to the Court under seal for a determination of the claim. If the Requesting Party disclosed the information before being notified, it must take reasonable steps to retrieve it. The Producing Party must preserve the information until the claim is resolved.

**WE STIPULATE TO THE ENTRY OF THE ABOVE AGREED ORDER:**

*s/ Gordon E. Jackson*
Gordon E. Jackson* (TN Bar No. 08323)
J. Russ Bryant* (TN Bar No. 033830)
Paula R. Jackson* (TN Bar No. 20149)

**JACKSON, SHIELDS, YEISER & HOLT**
262 German Oak Drive
Memphis, TN 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

**COUNSEL FOR PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED**

**/s/ Michael A. Correll (with permission)**
**Michael A. Correll**
Morgan, Lewis & Bockius LLP
CM/ECF - ARED - LIVE Page 1 of 4
https://ecf.ared.uscourts.gov/cgi-bin/DktRpt.pl?106715353862767-L_1_0-1 2/9/2018
1717 Main Street, Suite 3200
Dallas, TX 75201
214-466-4000
Fax: 214-466-4001
michael.correll@morganlewis.com
*PRO HAC VICE*

**Paulo B. McKeeby**
Morgan, Lewis & Bockius LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
214-466-4000
Fax: 214-466-4001
paulo.mckeeby@morganlewis.com
*PRO HAC VICE*

**Audrey Calkins**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
6410 Poplar Avenue
Suite 300
Memphis, TN 38119
901-767-6160
*audrey.calkins@odnss.com*

**COUNSEL FOR DEFENDANT BASF CORPORATION**

IT IS SO ORDERED, this 17th day of May, 2018.

_____
UNITED STATES DISTRICT JUDGE